**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DEVANTE BARKLEY, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:13-CR-0186-SCJ-RGV-4 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:15-CV-3818-SCJ-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of DeVante Barkley's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 130], the government's response, [Doc. 135], Barkley's motion to amend his § 2255 motion, [Doc. 142], his amended § 2255 motion, [Doc. 143], the government's response to Barkley's motion to amend and amended § 2255 motion, [Doc. 148], and Barkley's reply, [Doc. 165].  Barkley's motion to amend his § 2255 motion, [Doc. 142], is **GRANTED**.  For the reasons that follow, it is **RECOMMENDED** that Barkley's § 2255 motion, as amended, be **DENIED**.

# I.  PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a seven-count superseding indictment against Barkley and three co-defendants, charging Barkley in Count One with conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 1951(a); in Counts Two and Four with affecting commerce by robbery, in violation of § 1951(a); and in Counts Three and Five with knowingly using a firearm in furtherance of the charged robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [Doc. 40].  Represented by court appointed counsel Dennis Craig O'Brien ("O'Brien"), Barkley filed a motion to suppress his post-arrest statement on the ground that the federal agents who questioned him did not first administer Miranda[1] warnings.  [Docs. 53, 66].  However, counsel subsequently withdrew the motion.  [Doc. 77].  Barkley then pleaded guilty to Counts Four and Five, pursuant to a negotiated plea agreement in which the government agreed to dismiss all remaining counts and both parties agreed to jointly recommend a total sentence of 108 months confinement.  [Docs. 89-1, 135-3].  The plea agreement was "offered, in part, in consideration of [Barkley's] cooperation," and the government further agreed to recommend that Barkley receive

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

2

a two-level sentence adjustment for his acceptance of responsibility. [Doc. 89-1 at 5-6].

The plea agreement set forth the statutory maximum and minimum penalties for both counts and included a limited waiver of appeal in which Barkley:

> voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Barkley] may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[Doc. 89-1 at 3-4, 17-18].  This provision of the plea agreement further provided that Barkley may file a cross appeal if the government appeals the sentence.  [Id. at 17-18]. Barkley signed the plea agreement and a separate certification section, which stated in relevant part:

> I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding.  No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement.

[Id. at 20].

At the plea hearing, Barkley was placed under oath and confirmed that he had signed the plea agreement.  [Doc. 135-3 at 2-3].  The Court explained to Barkley the rights he was giving up by pleading guilty, and Barkley stated that he understood.  [Id.

3

at 5-7]. Barkley acknowledged that no one had threatened or forced him to plead guilty. [Id. at 7]. The prosecutor then outlined the terms of the plea agreement, and Barkley agreed with the description and confirmed that no one had promised him anything not contained in the plea agreement or guaranteed that he would receive a 108-month sentence. [Id. at 8-12]. The prosecutor's summary included the possible penalties Barkley faced, i.e., a maximum sentence of twenty years of imprisonment for Count Four, a maximum of life imprisonment for Count Five, and a mandatory minimum consecutive sentence of seven years for Count Five. [Id. at 8]. When asked whether he had any questions regarding those penalties, Barkley responded that he did not. [Id. at 12]. O'Brien then confirmed that, to his knowledge, Barkley was not "pleading guilty because of any illegally obtained evidence in the possession of the government." [Id. at 13]. Barkley did not object to counsel's statement. [Id.]. Barkley acknowledged that he had sufficient time to discuss this matter fully with his attorney and was satisfied with O'Brien's representation. [Id. at 14].

Next, the prosecutor stated the elements of both offenses, and Barkley said he understood that he was charged with "brandishing a firearm and armed robbery." [Id. at 15-16]. The Court explained that it would take into account the United States Sentencing Guidelines, which could not be determined until after a presentence report

4

was completed and both parties had an opportunity to challenge the facts contained therein, and that a sentence above or below the guideline range could be imposed. [Id. at 16-17]. The Court then reviewed the terms of the appeal waiver, and Barkley agreed that he understood the effect of the appeal waiver and that he was freely and voluntarily giving up his right to appeal. [Id. at 17-18]. Barkley also affirmed his understanding that he could not withdraw his plea should his sentence be more severe than he expected or the Court did not accept the sentencing recommendations contained in the plea agreement. [Id. at 18]. The prosecutor then summarized what the evidence would show if the case went to trial, and Barkley agreed with the government's summary and admitted that he was guilty as charged in both counts. [Id. at 18-22]. The facts outlined by the prosecutor included that:

1.     On December 27, 2012, Barkley and his co-defendants robbed a McDonald's restaurant in Fairburn, Georgia;

2.     Barkley and two co-conspirators forced their way inside the restaurant through a drive-through window;

3.     One of them brandished a handgun as they entered the restaurant;

4.     They held the manager at gunpoint and stole $1,500 in cash from the safe and register; and

5

> 5.    This armed robbery occurred mere hours after the defendants had committed an armed robbery of another McDonald's restaurant in Sandy Springs, Georgia.

[Id. at 19-21].  The Court accepted Barkley's plea.  [Id. at 22-23].

At the sentencing hearing, the Court determined that Count Four had a guideline range of 24 to 30 months of imprisonment, followed by a consecutive mandatory minimum sentence of 84 months as to Count Five.  [Doc. 132 at 2].  The Court then imposed the agreed upon total sentence of 108 months of imprisonment.  [Id. at 16]. The Court entered its judgement on October 29, 2014.  [Doc. 101].  Barkley did not file a direct appeal.

Barkley timely filed this pro se § 2255 motion, arguing that:  (1) his guilty plea to Count Five is unconstitutional because the district court failed to determine if he (a) understood the nature of the charge, any mandatory minimum and possible maximum penalties, and all of the "fundamental rights" that he was giving up by pleading guilty, (b) entered his guilty plea freely and voluntarily, and (c) pleaded guilty on a sufficient factual basis; and (2) he received ineffective assistance of counsel when O'Brien (a) failed to advise him of the constitutional rights he was waiving by pleading guilty to Count Five, (b) did not object to the sufficiency of the factual basis with respect to Count Five, and (c) withdrew the motion to suppress his post-arrest

6

statement that was obtained in violation of his right to counsel. [Doc. 130 at 13-14].
The government responds that Barkley's grounds are both procedurally barred and lack
merit.[2]  [Doc. 135 at 13-22].

In his amended § 2255 motion, Barkley adds ground (3), in which he alleges that
both his post-arrest statement and the form he signed waiving his right to the presence
of counsel were "the product of coercion and duress stemming from [the interviewing
officer's] threat to arrest [Barkley's] mother," who was the registered owner of the
vehicle Barkley used in the robberies. [Doc. 143 at 2-5].  Barkley further relies on
these new allegations to support ground (2)(c) of his initial § 2255 motion, asserting
that he agreed to plead guilty based on O'Brien's assertion that Barkely's post-arrest
statement could be used against him at trial. [Id. at 5-7].  The government responds,
in pertinent part, that Barkley has not established that he suffered prejudice. [Doc.
148].  In his reply, Barkley asserts that had counsel pursued the motion to suppress, the

---

[2] The government argues that Barkley's grounds for relief are barred by his valid
appeal waiver. [Doc. 135 at 1-3, 13-15].  However, Barkley's grounds for relief
challenge the validity of his guilty plea, [Doc. 130 at 13-14; Doc. 143], and are thus
not barred by his appeal waiver. Patel v. United States, 252 F. App'x 970, 975 (11th
Cir. 2007) (per curiam); see also United States v. Orozco-Picazo, 391 F. App'x 761,
769-71 (11th Cir. 2010) (per curiam) (reviewing on direct appeal defendant's challenge
to the validity of his guilty plea where agreement contained an appeal waiver).

Court would have granted it, and Barkley would have proceeded to trial. [Doc. 165 at 11-13].

## II. DISCUSSION

### A.   General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

AO 72A
(Rev.8/82)

## B.   <u>Procedural Default of Grounds One and Three</u>

In ground one, Barkley argues that his guilty plea to Count Five was unknowing and involuntary.  [Doc. 130 at 13].  Barkley further contends in ground three that both his post-arrest statement and the form he signed waiving his right to the presence of counsel were "the product of coercion and duress."  [Doc. 143 at 2-5].  Barkley did not file a direct appeal.[3]

A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence.  <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998).  "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel.  <u>Lynn v. United States</u>, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam).  A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the

_____

[3] As previously noted, challenges to the validity of a guilty plea are not barred by a defendant's valid appeal waiver.  <u>See</u> <u>Orozco-Picazo</u>, 391 F. App'x at 769-71; <u>Patel</u>, 252 F. App'x at 975.

Strickland[4] standard for effective assistance of counsel."[5]  Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective assistance of counsel claim may constitute cause).  If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Reece, 119 F.3d at 1467 (citation omitted).  To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence."  McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). Barkley has not alleged cause and resulting prejudice to excuse the procedural default. Additionally, Barley does not contend that he is actually innocent.  Thus, grounds one and three are procedurally barred.

---

[4] Strickland v. Washington, 466 U.S. 668 (1984).

[5] Although Barkley has alleged that counsel was ineffective during plea proceedings and those grounds are without merit for the reasons discussed in section II.C., he has not alleged that counsel was also ineffective for failing to present grounds one and three in a direct appeal.  See [Docs. 130, 143].

10

**C.**   **Ground Two: Counsel's Assistance with Plea**

In ground two, Barkley argues that O'Brien provided him ineffective assistance by (a) failing to advise him of the constitutional rights he was waiving by pleading guilty to Count Five, (b) not objecting to the sufficiency of the factual basis with respect to Count Five, and (c) withdrawing the motion to suppress his post-arrest statement that was obtained in violation of his right to counsel.[6]  [Doc. 130 at 14].  To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted).  Barkley has the burden of affirmatively proving prejudice.  Gilreath v . Head, 234 F.3d 547, 551 (11th Cir. 2000).  Additionally,

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong

---

[6] This ground is not procedurally defaulted because "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  Massaro v. United States, 538 U.S. 500, 509 (2003).

> presumption of verity.   The subsequent presentation of conclusory
> allegations unsupported by specifics is subject to summary dismissal, as
> are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Barkley's assertions are belied by the record.  During the plea hearing, Barkley confirmed his understanding of the nature of Count Five, describing it as "brandishing a firearm." [Doc. 135-3 at 15-16].  Barkley also acknowledged his understanding of the penalties he faced and informed the Court that he had no questions regarding those penalties.  [Id. at 8, 12; Doc. 89-1 at 3-4].  Additionally, Barkley affirmed that he understood the rights he was giving up by pleading guilty and that no one had threatened or forced him to plead guilty or promised him a particular sentence. [Doc. 135-3 at 5-7, 12].  The prosecutor's factual summary, with which Barkley agreed, established that Barkley and his co-defendants robbed a McDonald's restaurant after forcing their way inside through a drive-through window and that one of them brandished a firearm, as they had done in another armed robbery of a different McDonald's restaurant just hours earlier.  [Id. at 18-21].  This summary provided a sufficient factual basis for Barkley's guilty plea as to Count Five.  See United States v. Bannister, 285 F. App'x 621, 629 (11th Cir. 2008) (finding conviction and sentence for brandishing a firearm in furtherance of a crime of violence proper where co-

conspirators used firearms in bank robberies). Barkley has not met his "heavy burden to show that his statements under oath were false," Patel, 252 F. App'x at 975 (citation omitted), and thus fails to show that counsel gave him incompetent advice.[7]

Furthermore, even assuming that O'Brien performed deficiently, including by failing to pursue the motion to suppress, Barkley has not met his burden to show prejudice. Barkley admitted under oath that he committed the crimes as charged, [Doc. 135-3 at 21-22], and expressed remorse at sentencing, stating that he needed money for college tuition, but that he now understood "that being involved with somebody in the commission of a crime who has brandished a firearm makes [him] just as guilty as they are." [Doc. 132 at 9]. Additionally, as a result of Barkley's guilty plea, the government dismissed Count Three, the other § 924(c) charge, which would have resulted in a consecutive twenty-five year sentence on top of Count Five. See United States v. Rahim, 431 F.3d 753, 757 (11th Cir. 2005) (per curiam) (explaining that second § 924(c) conviction results in consecutive sentence of not less than twenty-five

---

[7] Although Barkley claims that he responded "yes" to the Court's questions at his plea hearing because O'Brien instructed him to do so, [Doc. 143 at 5], his statements under oath at the plea hearing carry "such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001).

years).   Barkley, therefore, obtained a substantial benefit by pleading guilty and receiving the agreed upon nine year sentence.  See Davidson v. United States, 213 F. App'x 769, 772 (11th Cir. 2007) (per curiam) (rejecting claim that counsel was ineffective for failure to file a motion to suppress and stating, "[i]t is not as though Davidson got nothing in return for his guilty plea. He was spared prosecution on four of the five counts against him").   Accordingly, Barkley is not entitled to relief on ground two.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."   A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner

14

or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Based on the foregoing discussion of Barkley's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, Barkley's motion to amend his § 2255 motion, [Doc. 142], is **GRANTED**, and **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 130], as amended, [Doc. 143], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 25th day of May, 2016.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)